UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MICAH OVERBY,                                                                   17 CIV 3377 (CS)

                            Plaintiff,                 **ANSWER TO**
     -against-                                                                       **COMPLAINT**

WENDELL ERIC FABIAN; TARIQ AKRAM;
STAPLES THE OFFICE SUPERSTORE EAST INC.;
DETECTIVE GIANPAOLO DILISIO #36;
POLICE OFFICER MONTESANO #42; VILLAGE OF
ELMSFORD; ELMSFORD POLICE DEPARTMENT;
and JOHN AND JANE DOE 1 through 10,

                           Defendants.
-------------------------------------------------------------------------X

       Defendants, Detective Gianpaolo Dilisio #36 #36, in his official and individual capacity, Police Officer Montesano #42, in his official and individual capacity, the Village of Elmsford and the Elmsford Police Department (hereafter collectively referred to as the "Village Defendants"), by their attorneys, Burke, Miele, Golden & Naughton, LLP, answering the Complaint of the Plaintiff, Micah Overby (hereafter "Plaintiff"), allege as follows:

## NATURE OF ACTION

       1.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph "1" of the Complaint.

## JURISDICTION

       2.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph "2" of the Complaint.

       3.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph "3" of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph "4" of the Complaint.

5. Deny the allegations stated or contained in paragraph "5" of the Complaint to the extent that Plaintiff seeks to assert New York State claims which have not been preserved due to his failure to comply with New York General Municipal Law and/or applicable State statutes of limitation periods.

## THE PARTIES

6. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraphs "7", "8", "9" and "10" of the Complaint.

7. Deny the allegations stated or contained in paragraph "11" of the Complaint except admit that the Village of Elmsford, located in Westchester County, is a public corporation organized under the laws of the State of New York and that the Elmsford Police Department is an agency of the Village.

8. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraphs "12" and "13" of the Complaint except admit that Detective Gianpaolo Dilisio and Police Officer Montesano were employed by the Village of Elmsford Police Department at the time of the events alleged in the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraphs "14", "15", and "16" of the Complaint.

## STATEMENT OF FACTS

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraphs "17","18", "19", "20", "21", "22", "23",

2

"24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "46", "48", "49" and "50" of the Complaint.

11. Deny the allegations stated or contained in paragraphs "44", "45", "47" and "52" of the Complaint.

12. Deny the allegations stated or contained in paragraph "51" of the Complaint as to the Village Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

13. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph "53" of the Complaint.

14. Deny the allegations stated or contained in paragraphs "54" and "55" of the Complaint as to the Village Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

15. Deny the allegations stated or contained in paragraphs "56", "57", "58" and "59" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraphs "60", "61", "62", "63", "64", "65" and "66" of the Complaint.

17. Deny the allegations stated or contained in paragraph "67" of the Complaint except admit that, on or about June 22, 2016, Defendant Dilisio signed a Superseding Misdemeanor Information that was subsequently filed with the court; the Village Defendants additionally and respectfully refer all questions of law contained in this paragraph to this Court.

18. Deny the allegations stated or contained in paragraph "68" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraphs "69","70", "71", "72", "73" and "74" of the Complaint.

20. Deny the allegations stated or contained in paragraphs "75" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph "76" of the Complaint.

22. Deny the allegations stated or contained in paragraph "77", "78", "79" and "80" of the Complaint.

## FIRST CLAIM

23. As to paragraph "81" of the Complaint, the Village Defendants repeat and reallege each and every response to the paragraphs referenced therein as set forth elsewhere in this Answer, as though fully set forth at length in this paragraph "23".

24. Deny the allegations stated or contained in paragraph "82" of the Complaint as to the Village Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

25. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph "83" of the Complaint.

24. Deny the allegations stated or contained in paragraph "84" of the Complaint.

## SECOND CLAIM

26. As to paragraph "85" of the Complaint, the Village Defendants repeat and reallege each and every response to the paragraphs referenced therein as set forth elsewhere in this Answer, as though fully set forth at length in this paragraph "26".

4

27.     Deny the allegations stated or contained in paragraph "86" of the Complaint as to the Village Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

28.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph "87" of the Complaint.

29.     Deny the allegations stated or contained in paragraph "88" of the Complaint.

## THIRD CLAIM

30.     As to paragraph "89" of the Complaint, the Village Defendants repeat and reallege each and every response to the paragraphs referenced therein as set forth elsewhere in this Answer, as though fully set forth at length in this paragraph "30".

31.     Deny the allegations stated or contained in paragraphs "90" and "91"of the Complaint as to the Village Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

32.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph "92" of the Complaint.

33.     Deny the allegations stated or contained in paragraph "93"of the Complaint.

## FOURTH CLAIM

34.     As to paragraph "94" of the Complaint, the Village Defendants repeat and reallege each and every response to the paragraphs referenced therein as set forth elsewhere in this Answer, as though fully set forth at length in this paragraph "34".

35.     Deny the allegations stated or contained in paragraphs "95", "96", "97","99", and "101" of the Complaint as to the Village Defendants and deny knowledge or information

5

sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

36. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph "98" of the Complaint.

37. Deny the allegations stated or contained in paragraph "100" of the Complaint as to the Village Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

## FIFTH CLAIM

38. As to paragraph "102" of the Complaint, the Village Defendants repeat and reallege each and every response to the paragraphs referenced therein as set forth elsewhere in this Answer, as though fully set forth at length in this paragraph "38".

39. Deny the allegations stated or contained in paragraphs "103", "104", "105" and "107" of the Complaint as to the Village Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

40. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph "106" of the Complaint.

## SIXTH CLAIM

41. As to paragraph "108" of the Complaint, the Village Defendants repeat and reallege each and every response to the paragraphs referenced therein as set forth elsewhere in this Answer, as though fully set forth at length in this paragraph "41".

42. Deny the allegations stated or contained in paragraphs "109", "110", "111" and "113"of the Complaint as to the Village Defendants and deny knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

43. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph "112" of the Complaint.

## SEVENTH CLAIM

44. As to paragraph "114" of the Complaint, the Village Defendants repeat and reallege each and every response to the paragraphs referenced therein as set forth elsewhere in this Answer, as though fully set forth at length in this paragraph "44".

45. Deny the allegations stated or contained in paragraphs "115", "116", "117", "118", "119" and "120" of the Complaint as to the Village Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

## EIGHTH CLAIM

46. As to paragraph "121" of the Complaint, the Village Defendants repeat and reallege each and every response to the paragraphs referenced therein as set forth elsewhere in this Answer, as though fully set forth at length in this paragraph "46".

47. Deny the allegations stated or contained in paragraphs "122", "123", "124", "125" and "126" of the Complaint as to the Village Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

## NINTH CLAIM

48. As to paragraph "127" of the Complaint, the Village Defendants repeat and reallege each and every response to the paragraphs referenced therein as set forth elsewhere in this Answer, as though fully set forth at length in this paragraph "48".

49. Deny the allegations stated or contained in paragraphs "128", "129", "130", "131" and "132" of the Complaint as to the Village Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

## TENTH CLAIM

50. As to paragraph "133" of the Complaint, the Village Defendants repeat and reallege each and every response to the paragraphs referenced therein as set forth elsewhere in this Answer, as though fully set forth at length in this paragraph "50".

51. Deny the allegations stated or contained in paragraphs "134", "135" and "136" of the Complaint.

## ELEVENTH CLAIM

52. As to paragraph "137" of the Complaint, the Village Defendants repeat and reallege each and every response to the paragraphs referenced therein as set forth elsewhere in this Answer, as though fully set forth at length in this paragraph "52".

53. Deny the allegations stated or contained in paragraphs "138", "139", "140", "141", "142", "143", "144", "145" and "146" of the Complaint.

## TWELFTH CLAIM

54. As to paragraph "147" of the Complaint, the Village Defendants repeat and reallege each and every response to the paragraphs referenced therein as set forth elsewhere in this Answer, as though fully set forth at length in this paragraph "54".

55. Deny the allegations stated or contained in paragraphs "148", "149", "150", "151", "152" and "153" of the Complaint as to the Village Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the remaining Defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

56. Plaintiff has failed to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

57. The actions of Defendants Detective Gianpaolo Dilisio, and Police Officer Montesano were within the scope of their respective employment in responding to and conducting a criminal investigation.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

58. Any "Stop and Search" of the Plaintiff conducted by Defendant Police Officer Montesano was reasonable given the particular situation and dangers he potentially faced.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59. At all times relevant to this action, Defendants, Detective Gianpaolo Dilisio and Police Officer Montesano, acted reasonably, in good faith, without malice, and within the bounds of lawful means and dictates.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

60. The actions of Defendants Detective Gianpaolo Dilisio and Police Officer Montesano are covered by the doctrine of qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

61. Defendants had probable cause to arrest the Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

62. Defendants had probable cause to charge Plaintiff with felony grand larceny. .

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

63. The Elmsford Police Department is not a proper party to this action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

64. Defendant Village of Elmsford is not liable under 42 U.S.C. § 1983 on the basis of *respondeat superior*.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

65. To the extent that one or more of Plaintiff's causes of action constitute a state law claim, Plaintiff failed to file the required Notice(s) of Claim such that any and all state law claims must be dismissed.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

66. To the extent that one or more of Plaintiff's causes of action constitute a state law claim, any and all such claims are barred by the statute of limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

67. To the extent that one or more of Plaintiff's causes of action constitute a state law claim, any and all such claims are barred by the doctrine of latches.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

68.     Plaintiff has failed to mitigate his damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

69.     As to any damages allegedly suffered by Plaintiff, Defendants are entitled to a setoff, contribution, collateral sources and/or apportionment from Plaintiff and/or other individuals and/or entities.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

70.     As to any damages allegedly suffered by Plaintiff, the Village Defendants are entitled to contribution and/or indemnification from Staples the Office Superstore East, Inc. and/or its employees.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

71.     Plaintiff has failed to plead which Defendant was responsible for which purported conduct and thus fails to state a claim asserting individual involvement.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

72.     No basis exists for a *Monell* claim against the Village of Elmsford.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

73.     The Village of Elmsford's police officers and detectives receive extensive training in all aspects of their work relevant to the facts as alleged herein.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

74.     The Village Defendants were not involved in any unlawful stop and search of the Plaintiff.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

75.     The Village Defendants were not involved with any fabrication of evidence.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

76.     The Village Defendants did not aim to achieve a collateral objective beyond or in addition to Plaintiff's criminal prosecution.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

77.     Defendants Dilisio and Montesano were acting within the scope of their employment.

WHEREFORE, the Village Defendants respectfully request this Court dismiss the within action in its entirety as against them, award the Village Defendants costs, disbursement and fees, and grant such other and further relied as this Court deems just and proper.

Dated: June 28, 2017
       Goshen, New York

_____
Robert M. Miele, Esq. (RM3624)
Burke, Miele & Golden, LLP
*Attorneys for the Village Defendants*
40 Matthews Street, Suite 209
P.O. Box 216
Goshen, New York 10924
(845) 294-4080