

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

July 5, 2017

**VIA ECF**
**(courtesy copy via e-mail)**

The Honorable Cathy Seibel
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Micah Overby v. Wendell Eric Fabian, et al.*
      Case No. 7:17-cv-03377-CS

Dear Judge Seibel:

This firm represents Defendants Staples The Office Superstore East, Inc. (hereinafter "Staples") and Tariq Akram (collectively, "Defendants") in the above-referenced matter. We write in accordance with Section 2.A of Your Honor's Individual Practices to respectfully request a pre-motion conference concerning Defendants' request to file a motion to dismiss the Complaint against Staples and Akram, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

As per the allegations in the Complaint,[1] Plaintiff Micah Overby worked for Staples as a Copy and Print Associate from October 2013 until August 2015. (Compl. ¶¶ 17, 35). As a Copy and Print Associate, Plaintiff assisted Staples customers with copy and print jobs in the store's copy center. Plaintiff claims in his Complaint that Staples customers would hire him personally to provide services "that Staples either did not offer or could not complete on the required timeframe" and pay him in gift cards. (*Id.* ¶¶ 21-22). Defendants' position (separate and apart from its motion to dismiss) is that Plaintiff did not have an outside business. Instead, Plaintiff took the quoted price for certain customers' copy/print jobs, removed specific charges from the customers' bill, transferred that same amount over to a gift card purchase (so that the final bill matched the quoted price), and then kept the gift cards for himself. On or about August 27, 2015, Staples terminated Plaintiff's employment for alleged theft and violation of Company policy.  (*Id.* ¶¶ 35-41). That same day, Plaintiff was arrested on grand larceny charges.  (*Id.* ¶ 47).

---

[1] Defendants take the factual allegations in the Complaint as true only for purposes of this pre-motion conference letter and their forthcoming motion to dismiss.

Hon. C. Seibel
July 5, 2017
Page 2

Plaintiff now brings the above-referenced action alleging a dozen claims arising out of Staples' allegations of theft and his subsequent arrest – ten of which are purportedly against the Defendants.[2]  None of these ten claims, however, can survive a motion to dismiss.

In Claims I through VI (unlawful stop and search; false arrest; federal malicious prosecution; state law malicious prosecution; denial of constitutional right to fair trial; and malicious abuse of process) – all of which are brought pursuant to 42 U.S.C. § 1983 – Plaintiff alleges various violations of constitutional rights arising out of his allegedly improper arrest.  This right of action, however, is not unlimited. A Section 1983 litigant must establish (1) a constitutional injury, and (2) that the injury was caused by state actors or those acting under color of state law. *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005); *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). Plaintiff cannot establish either element. Moreover, it is well-established that liability under Section 1983 can only be imposed for a state actor's personal involvement in a constitutional tort, and not under *respondeat superior* or vicarious liability theories. *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 753 (2d Cir. 2003). Since *respondeat superior* is the only theory of liability that Plaintiff raises against Defendants as per his Complaint, dismissal of these claims is warranted under Rule 12(b)(6).

In Claims VII (negligence/negligent hiring/training/retention/supervision) and IX (negligent infliction of emotional distress), Plaintiff brings negligence-based claims against Defendants.  It is well-settled, however, that the exclusive provisions of New York Workers' Compensation Law preempt all negligence-based common law claims against employers.  *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 138 (2001).  Accordingly, these claims are subject to dismissal under Rule 12(b)(6) as well.

In Claim VIII (intentional infliction of emotional distress), Plaintiff seems to allege that Defendants intentionally inflicted emotional distress upon him by alleging that he committed fraud against the Company and in the termination of his employment.  Staples, however, terminated Plaintiff's employment in August 2015 and he did not bring this lawsuit until May 2017.  Since intentional infliction of emotional distress claims have a one-year statute of limitations, *see Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 491 (N.Y. 2007), this claim must also be dismissed.

Finally, with respect to Claims VII (negligence/negligent hiring/training/retention/supervision), VIII (intentional infliction of emotional distress), IX (negligent infliction of emotional distress), and XII (conspiracy), Plaintiff's allegations fail to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Allegations that raise a "mere possibility of misconduct" simply do not state a claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Since Plaintiff has offered only conclusory allegations in support of these purported tort claims, they are subject to dismissal as a matter of law.

---

[2] Claims X (failure to intervene) and XI (*Monell*) are not brought against Defendants.

Hon. C. Seibel
July 5, 2017
Page 3

In particular, with respect to his conspiracy claim, Plaintiff does not "provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). Here, Plaintiff's Complaint offers only the bald and conclusory assertion that the Defendants "conspired . . . to falsely accuse [P]laintiff of fraud" in support of his purported conspiracy claim. (Compl. ¶ 44). This is insufficient to establish this element of a conspiracy claim.

Subject to Your Honor's calendar, Defendants are available the week of July 17th for the pre-motion conference. Thank you for Your Honor's time and consideration.

Sincerely,

*s/Christine Hogan*

Christine L. Hogan

cc:     Counsel of Record