

Littler Mendelson, P.C.
900 Third Avenue
New York, NY  10022.3298

Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

July 27, 2017

**VIA ECF**
**(courtesy copy via e-mail)**

The Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *Micah Overby v. Wendell Eric Fabian, et al.*
      Case No. 7:17-cv-03377-CS

Dear Judge Seibel:

This firm represents Defendants Staples The Office Superstore East, Inc. (hereinafter "Staples") and Tariq Akram (collectively, "Defendants") in the above-referenced matter. We write regarding our July 5, 2017 request for a pre-motion conference (ECF No. 38).

Plaintiff's counsel and I have been actively discussing the claims in the Complaint in an attempt to narrow the issues and topics of Defendants' planned motion to dismiss.

In recent correspondence, Plaintiff has clarified the substance of Claim IV of the Complaint (state law malicious prosecution). Consequently, we now write to clarify the basis upon which we move to dismiss that particular claim.

To succeed on a malicious prosecution claim under New York law, Plaintiff must establish that: (1) Defendants initiated a prosecution against [him], (2) without probable cause to believe the proceeding [could] succeed, (3) the proceeding was begun with malice and, (4) the matter terminated in [his] favor. *Bertuglia v. City of New York*, 133 F. Supp. 3d 608, 625-32 (S.D.N.Y. 2015). Plaintiff, however, cannot meet the elements of this claim. At the very least, Plaintiff cannot prove the first and last elements.

With respect to element one, "[t]he mere reporting of a crime to police and giving testimony are insufficient; it must be shown that defendant played an active role in the prosecution, such as giving advice and importuning the authorities to act." *Present v. Avon Prods.*, 253 A.D.2d 183, 190 (1st Dep't 1999) (internal quotations and citations omitted). Here, Defendants simply reported a crime to the police and individually named defendant Eric Fabian provided a statement to the police that same day. This is insufficient.

The Honorable Cathy Seibel
July 27, 2017
Page 2

With respect to element four, in order to demonstrate that the matter was "terminated in [his] favor," Plaintiff must prove that the criminal proceeding was terminated on the merits. *Velasquez v. City of New York*, 960 F. Supp. 776, 779 (S.D.N.Y. 1997); *Halberstadt v. N.Y. Life Ins. Co.*, 194 N.Y. 1 (1909). Here, Plaintiff merely states that "[a]ll charges were terminated in [his] favor." (Compl. ¶¶ 97-98). Plaintiff must set forth allegations which "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's bare allegations fall short of this standard.

Defendants incorporate their July 5, 2017 submission by reference, and reiterate the bases articulated therein for requesting leave to file a motion to dismiss as to the other claims in the Complaint.

Thank you for your time and consideration.

    Sincerely,

    *s/Christine Hogan*

    Christine L. Hogan

cc:     Counsel of Record