

GABRIEL P. HARVIS
BAREE N. FETT

August 23, 2017

**BY ECF**
Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:   *Overby v. Fabian, et al.*, 17 CV 3377 (CS)

Your Honor:

    I represent plaintiff in the above-referenced matter. I write pursuant to the Court's order dated July 6, 2017 to respectfully respond to the pre-motion letters submitted by defendants Staples The Office Superstore East, Inc. and Tariq Akram (the "Staples defendants")[1] on July 5, 2017 and July 27, 2017.[2] As set forth herein, the contemplated motion has no likelihood of success with respect to plaintiff's principal claims, and plaintiff respectfully submits that it will be a waste of time and resources.

    This case involves false theft allegations manufactured in August 2015, without any evidence, by Staples employees against plaintiff Micah Overby, then a well-regarded employee in the Copy & Print department of the Tarrytown Road Staples in Elmsford, New York. *See* Complaint, ¶¶ 17-55. The criminal allegations resulted in significant damages to Mr. Overby, including, *inter alia*, the loss of his job, being arrested in front of his former colleagues,

---

[1] The other defendants, including former Staples employee Eric Wendell Fabian, have already answered the complaint. *See* Docket Entry nos. 33 and 41.

[2] After the Staples defendants filed their July 5th letter, plaintiff served their counsel with a Notice of Motion pursuant to the safe harbor provisions of Rule 11. Among other inaccuracies, the July 5th letter represented that plaintiff's malicious prosecution claim against the Staples defendants was brought pursuant to Section 1983 *only* (*see* DE #38 at p. 2), when it was expressly brought pursuant to state law. *See* Complaint at Paragraphs 99-104. The Staples defendants' July 27th letter followed.

Hon. Cathy Seibel

Aug. 23, 2017

at least nine days of incarceration, a 532-day-long prosecution and personal and financial hardships. *See* Complaint, ¶¶ 62-75.

In their letters, the Staples defendants argue: 1) they are not state actors and thus cannot be liable under Section 1983; 2) plaintiff cannot establish the initiation or favorable termination elements of his malicious prosecution claim; and 3) plaintiff cannot bring claims for negligence against his employer. Plaintiff will address each argument in turn.

First, with regard to state action, Mr. Overby's complaint presents a viable § 1983 conspiracy claim. It is premised on: 1) an agreement between the Staples employees and Elmsford police defendants to file false criminal charges against plaintiff; 2) overt acts in furtherance by the Staples employees, including coercing plaintiff into making a statement, altering that statement (to remove exculpatory language), and falsely swearing out a supporting affidavit, among others; and 3) a resulting violation of plaintiff's due process and Fourth Amendment rights. Courts in this district have sustained such conspiracy allegations at the pleading stage:

> The plaintiff has alleged sufficient facts plausibly showing that the NYPD defendants communicated and agreed with the school individuals regarding the subsequent arrest, which was allegedly without probable cause and thus violated the plaintiff's constitutional rights. Therefore, the plaintiff has stated a claim of § 1983 conspiracy against the individual defendants.

*Biswas v. City of New York*, 973 F. Supp. 2d 504, 534 (S.D.N.Y. 2013) *appeal dismissed sub nom. Biswas v. Kwait*, 576 F. App'x 58 (2d Cir. 2014), *as amended* (Aug. 28, 2014); *Kastle v. Town of Kent, N.Y.*, 13-CV-2256 (VB), 2014 WL 1508703, *10 (S.D.N.Y. Mar. 21, 2014), *appeal dismissed* (May 23, 2014); *see also Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) ("[C]onspiracies are by their very nature secretive operations, and may have to be proven by circumstantial, rather than direct, evidence.") (internal quotation marks and citation omitted); *Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183, 197 (E.D.N.Y. 2010) ("A plaintiff is not required to list the place and date of defendants['] meetings and the summary of their conversations when he pleads conspiracy…").

Second, plaintiff respectfully submits that there can be no colorable challenge to his malicious prosecution claim on these facts. *See, e.g., Rothstein*

*v. Carriere*, 373 F.3d 275, 294 (2d Cir. 2004) ("a jury may rely upon false statements to law enforcement in determining that a person initiated a prosecution."); *Wong v. Yoo*, 649 F. Supp. 2d 34, 65 (E.D.N.Y. 2009) ("[W]here a party is responsible for providing false information or manufactured evidence that influences a decision whether to prosecute, he may be held liable for malicious prosecution."); *Rivers v. Towers, Perrin, Forster & Crosby Inc.*, 07 CV 5441 (DGT, RML), 2009 WL 817852, *3 (E.D.N.Y. Mar. 27, 2009) ("Giving information to the police that is known to be false qualifies as the commencement of a prosecution."); *Capanelli v. NYP Holdings, Inc.*, No. 06 Civ. 15397, 2009 WL 249358, at *6 (S.D.N.Y. Jan. 30, 2009) ("[A] malicious prosecution claim may arise if a defendant knowingly provides false information to the police and the police rely directly on that information in prosecuting."); *Brown v. Sears Roebuck & Co.*, 297 A.D.2d 205, (1st Dep't 2002) ("[A] defendant may be said to have initiated a criminal proceeding by providing false evidence to the police or withholding evidence that might affect the determination by the police to make an arrest.") (citation omitted); *Komlosi v. Fudenberg*, 88-CV-1792 (HBP), 2000 WL 351414, *10 (S.D.N.Y Mar. 31, 2000) ("Where . . . a defendant willfully and maliciously causes false information to be presented to prosecuting officials, the prosecutor's decision, based on the false information, will not shield the source from liability for malicious prosecution.").

There is also no question that the charges were favorably terminated or that plaintiff adequately alleged this fact. *See* Complaint at ¶ 69; *Rivers*, 2009 WL 817852 at *4:

> It is true that plaintiff must ultimately show that the disposition was with prejudice and that this may require more specifics at a later stage of the litigation. However, the requirement for specific evidence of the nature of the termination generally attaches at the summary judgment phase-not on a motion to dismiss.

(citations omitted).

With respect to the pendant negligence claims, the challenge to which would be non-dispositive, plaintiff is researching these claims. If it should please the Court, plaintiff expects to provide authority in support of his claims when argument on the Staples defendants' motion is heard.

Hon. Cathy Seibel
Aug. 23, 2017

    Thank you for your attention to this matter.

Respectfully submitted,

/s

Gabriel P. Harvis

cc:    Christine Hogan, Esq. (by ECF)
*Attorney for Staples defendants*

       Robert Miele, Esq. (by ECF)
*Attorney for Elmsford defendants*

       Eric Wendell Fabian (by mail)
*Pro Se*