UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICAH OVERBY,

        Plaintiff,

-against-

WENDELL ERIC FABIAN; TARIQ AKRAM;
STAPLES THE OFFICE SUPERSTORE EAST,
INC.; Detective GIANPAOLO DILISIO #36; Police
Officer MONTESANO #42; Elmsford Police Chief
STEPHEN FOSTER; VILLAGE OF ELMSFORD;
ELMSFORD POLICE DEPARTMENT; and JOHN
and JANE DOE 1 through 10,

        Defendants.

Case No. 17 CV 3377 (CS)

ECF Case

---

# MEMORANDUM OF LAW IN SUPPORT OF STAPLES DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

---

Date:  November 13, 2017
       New York, New York

**LITTLER MENDELSON**
 A Professional Corporation
900 Third Avenue, 8th Floor
New York, New York 10022
212.583.9600

*Attorneys for Staples Defendants*

## TABLE OF CONTENTS

|   |   |   | PAGE |
|---|---|---|---|
| I. | RELEVANT FACTUAL ALLEGATIONS | | 1 |
| II. | ARGUMENT | | 4 |
| | A. | Legal Standard | 4 |
| | B. | Plaintiff's Section 1983 Claims (Counts I, II, and IV) Do Not State A Claim Upon Which Relief May Be Granted | 4 |
| | | 1. Plaintiff Fails to Sufficiently Plead a Constitutional Injury | 5 |
| | | 2. Plaintiff Fails to Sufficiently Plead State Action | 7 |
| | C. | Plaintiff's State Malicious Prosecution Claims (Count III) Fail as a Matter of Law | 9 |
| | D. | Plaintiff's Assorted Negligence Claims (Counts V and VII) Are Preempted by the Exclusivity Provisions of the Workers' Compensation Law | 11 |
| | E. | Plaintiff's Intentional Infliction of Emotional Distress Claim (Claim VI) Is Time Barred and Does Not State a Claim Upon Which Relief May Be Granted | 11 |
| | F. | Plaintiff Does Not Plead Sufficient Facts to Support His Conspiracy Claim (Claim IX) | 12 |
| | G. | Plaintiff's Coercion Claim (Claim XI) Is Time Barred and Also Fails as a Matter of Law | 13 |
| III. | CONCLUSION | | 14 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ................................................................................................ 4

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................... 4

*Brown v. Sears Roebuck and Co.*,
    297 A.D.2d 205, 746 N.Y.S.2d 141 (1st Dep't 2002) ............................................... 12

*Ferris v. Delta Air Lines, Inc.*,
    277 F.3d 128 (2001) .................................................................................................. 11

*Fisk v. Letterman*,
    401 F. Supp. 2d 362 (S.D.N.Y. 2005) .................................................................... 7, 8

*Flagg v. Yonkers Sav. & Loan Ass'n*,
    396 F.3d 178 (2d Cir. 2005) ....................................................................................... 5

*Gallagher v. Directors Guild of Am., Inc.*,
    144 A.D.2d 261, 533 NYS2d 863 (1st Dep't 1988) ................................................. 13

*Green v. Bauvi*,
    46 F.3d 189 (2d Cir.1995) .......................................................................................... 8

*Greer v. Natl. Grid*,
    89 A.D.3d 1059 934 N.Y.S.2d 427 (2d Dep't 2011) .................................................. 9

*Lemmo v. City of New York*,
    2011 WL 4592785 (E.D.N.Y. Sept. 30, 2011) ........................................................... 8

*Lynch v. Suffolk Cnty. Police Dep't, Inc.*,
    348 Fed. App'x 672(2d Cir. 2009) ............................................................................ 10

*Manganiello v. City of New York*,
    612 F.3d 149 (2d Cir. 2010) ....................................................................................... 9

*Morris v. City of Oneonta*,
    1999 WL 727436 (N.D.N.Y. Sept. 16, 1999) ............................................................. 5

*Murphy v. Lynn*,
    118 F.3d 938 (2d Cir. 1997) ....................................................................................... 5

*Paulin v. Figlia*,
 916 F.Supp.2d 524 (S.D.N.Y. 2013) ................................................................................. 10

*Penn Warranty Corp. v. DiGiovanni*,
 810 N.Y.S.2d 807 (N.Y. Sup. Ct. 2005) ........................................................................... 13

*People v. McRay*,
 51 N.Y.2d 594 (1980) ......................................................................................................... 5

*Present v. Avon Prods.*,
 253 A.D.2d 183, 687 NYS2d 330 (1st Dep't 1999) ........................................................... 9

*Richards v. City of New York*,
 2007 U.S. Dist. Lexis 23726 (S.D.N.Y. Mar. 30, 2007) .................................................. 12

*Ross v. Louise Wise Servs, Inc.*,
 8 N.Y.3d 478, 836 N.Y.S.2d 509 (2007) ......................................................................... 11

*Spear v. Town of West Hartford*,
 954 F.2d 63 (2d Cir. 1992) ............................................................................................. 5, 7

*Torres v. Jones*,
 26 N.Y.3d 742 (2016) ...................................................................................................... 10

*Tribie v. Parwanta*,
 2012 WL 246619 (S.D.N.Y. Jan. 26, 2012) .................................................................... 10

*Velasquez v. City of New York*,
 960 F. Supp. 776 (S.D.N.Y. 1997) .................................................................................. 10

*Webb v. Goord*,
 340 F.3d 105 (2d Cir. 2003) ............................................................................................ 12

*Weintraub v. Bd. of Educ.*,
 423 F. Supp. 2d 38 (E.D.N.Y. 2006) ................................................................................. 5

*Yaba v. Cadwalader, Wickersham, & Taft*,
 931 F. Supp. 271 (S.D.N.Y. 1996) .................................................................................. 11

*Ying Li v. City of New York*,
 246 F.Supp.3d 578 (E.D.N.Y. 2017) ............................................................................... 10

**Statutes**

42 U.S.C. §1983 ......................................................................................................... 4, 7, 8

N.Y. Workers' Comp. Law § 29(6) ...................................................................................11

**Other Authorities**

N.Y. C.P.L.R. 214 ........................................................................................................................13

N.Y. C.P.L.R. 215 ...................................................................................................................11, 13

FED. R. CIV. P. 12(b)(6) ......................................................................................................1, 3, 11

Defendants Staples the Office Superstore East, Inc. ("Staples" or the "Company"), Wendell Eric Fabian, and Tariq Akram (collectively, Staples Defendants), by and through their attorneys, Littler Mendelson, P.C., respectfully submit this memorandum of law in support of its motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.   RELEVANT FACTUAL ALLEGATIONS[1]

Defendant Staples is a retail chain with stores across the country including Elmsford, New York. (Am. Compl., ECF No. 49, ¶ 8). The Company's employees are subject to a number of rules and policies that prohibit unlawful conduct and conflicts of interest. (*Id.* ¶ 27). The Code of Conduct states: "Staples associates should always act lawfully, ethically, and in the best interest of Staples." (Code of Conduct, ECF No. 49-2, at 1). The Code of Ethics specifically prohibits "[d]oing paid or unpaid work of any kind for a competitor, vendor or customer." (Code of Ethics, ECF No. 49-4, at 8).

Plaintiff worked as a Copy & Sales Associate in the Elmsford store from October 2013 to August 2015. Defendant Akram was the store's general manager at the time of Plaintiff's termination. (*Id.* ¶ 10). Defendant Fabian is the Field Loss Prevention Manager who investigated Plaintiff's alleged fraud and initiated his termination. (*Id.* ¶¶ 9, 55).

As a Copy & Sales Associate, Plaintiff worked in the copy and print department. (*Id.* ¶ 23). He was responsible, *inter alia*, for:

1. "providing expert consultation to customers and producing high quality finished products that meet the customer's needs";

2. "proactively engag[ing] customers . . . responding to and resolving customer requests and concerns";

---

[1] Even though the Staples Defendants dispute Plaintiff's allegations, they base this motion, consistent with the Court's standard of review, on the allegations in the Amended Complaint and the documents referenced in it.

3. "present[ing] solutions; and

4. "act[ing] resourcefully to ensure that work is completed within the specified time and quality parameters."

(Pl. Performance Evaluation, ECF No. 49-1, at 3, 6).

Despite these basic responsibilities – and, as his position title denotes, his stated function of copying and selling to customers – Plaintiff claims in his amended complaint that "[f]rom time to time, a Staples customer would request copy and print work that Staples either did not offer or could not complete on the required timeframe." (Am. Compl. ECF No. 49, ¶ 23). Plaintiff provides the following example. Customer Carol Blakney was not satisfied with copies initially made at the Elmsford store. Plaintiff told Ms. Blakney that she "did not have to take the work" and offered to redo the copies himself. When he refunded Ms. Blakney her money onto a gift card, he kept the gift card himself and then Ms. Blakney paid him an additional $95 dollars when he delivered the copies. (Blakney Letter, ECF No. 49-6, at 1).

On August 27, 2017, Defendants Akram and Fabian met with Plaintiff at the Elmsford store. (Am. Compl., ECF No. 49, ¶ 54). They questioned Plaintiff about past purchases that he had made using Staples gift cards and accused him of defrauding Staples of $5,390 in lost sales. (*Id.* ¶¶ 55, 57). Plaintiff also alleges that they "threatened" him with "dire professional and legal consequences" if he didn't sign a written statement admitting to the fraud. (*Id.* ¶ 61). Nevertheless, Plaintiff admits to using his own language to craft the statement. (*Id.* ¶ 64). It states:

> I, Micah James Overby . . . hereby offer the following voluntary handwritten statement . . . .
>
> Beginning 10-20-2013, [I] was employed at Staples as a copy center associate. *Beginning April 2015 to the present, I reloaded Staples cash cards on multiple transactions using customer credit cards or cash in the amount of $3,500, and additional $1891 in rewards fraud.* As a copy & print associate, I used my expertise in graphic design to charge customers for design work by having them

> purchase gift cards for me in return for graphic design work that I would do on my free time. Furthermore, I used the funds that were accredited to the gift cards to make purchases on the Staples website. Some of the purchases that were made by me were used for items that I resold on ebay. *The loss that I cause to the Company by committing what was explained to me as fraud is $5,390. I apologize to Staples and the management team for my actions, and I'm willing to make amends for any wrongdoing that I have done.*
>
> The preceding matter contained in this statement, consisting of 2 pages, is offered by me voluntarily, and each element is true, to the best of my knowledge. *No threats, promises, acts of coercion or acts of inducement were made towards me by Eric Fabian*, nor any other agent of Staples Incorporated, to compel me to submit this statement, and was done so, by me, under my own free will.

(Hogan Decl. Ex. 1)[2] (emphasis added).

After signing the statement, the police officers arrived. (Am. Compl., ECF No. 49, ¶ 70). The police gave Defendant Fabian a form to provide a statement. (Fabian Statement, ECF No. 49-11, at 1). Defendant Fabian's statement parrots Plaintiff's written statement: "During the course of the interview, Mr. Overby admitted to fraudulent using customer[] credit cards, and loading funds on Staples gift cards, then purchasing items from Staples and selling some on eBay for cash. Mr. Overby gave a written statement confessing to this violation." (*Id.*). Later, the police filed a felony complaint against Plaintiff accusing him of Grand Larceny in the Third Degree. (Am. Compl., ECF No. 49, ¶ 82). Those charges, however, were dismissed by prosecutors "in the interests of justice" without giving any further reasoning. (Hogan Decl. Ex. 2 (attaching the transcript of Plaintiff's final state court criminal hearing)).

## II. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. Pursuant to the Supreme Court's decisions in

---

[2] Plaintiff mistakenly uploaded the wrong document as Exhibit 18 to his Amended Complaint, so Staples Defendants provide a copy attached as Exhibit 1 to the Hogan Declaration, dated November 13, 2017 ("Hogan Decl.").

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a claim that is merely possible cannot survive. Instead, to withstand a motion to dismiss, a plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In applying this plausibility standard, a court assumes the veracity of only *well-pleaded factual* allegations. Thus, although a complaint need not include detailed factual allegations, a plaintiff must do more than put forth "labels and conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 555; *Iqbal*, 129 S. Ct. at 1949. A complaint containing nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" must be dismissed. *Iqbal*, 129 S. Ct. at 1949 (citations omitted). Accordingly, courts should not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

### B. Plaintiff's Section 1983 Claims (Counts I, II, and IV) Do Not State A Claim Upon Which Relief May Be Granted

Plaintiff brings Section 1983 claims of false arrest against Defendants Akram and Fabian, and imputes liability to Staples under the theory of *respondeat superior*. (Am. Compl., ECF No. 49, ¶¶ 125-26). Plaintiff also brings Section 1983 claims of federal malicious prosecution and denial of the constitutional right of fair trial against Defendant Fabian only, and again imputes liability to Staples under the theory of *respondeat superior*. (*Id.* §§ 130-31, 143-45). These Section 1983 claims fail as a matter of law.

#### 1. Plaintiff Fails to Sufficiently Plead a Constitutional Injury

The right of action that 42 U.S.C. §1983 provides for individuals claiming the deprivation of constitutional rights is not unlimited. A Section 1983 litigant must first establish (1) a constitutional injury, and (2) that the injury was caused by state actors or those acting under

color of state law. *See Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186, (2d Cir. 2005); *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). Plaintiff, however, has not established either prong.

First, there is no constitutional injury because there was probable cause to arrest Plaintiff. *See Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir. 1997) (holding that probable cause for plaintiff's arrest defeated his Section 1983 false arrest and malicious prosecution claims); *Morris v. City of Oneonta*, 1999 WL 727436, at *9 (N.D.N.Y. Sept. 16, 1999) (same). "Probable cause requires, not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction, but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed." *People v. McRay,* 51 N.Y.2d 594, 602 (1980) (citations omitted). *See also Weintraub v. Bd. of Educ.*, 423 F. Supp. 2d 38 (E.D.N.Y. 2006).

In the present case, Plaintiff speculates that Defendant Akram, allegedly "friends" with an Elmsford police detective, was so upset with Plaintiff when he changed his work availability that he entered into a conspiracy with the police to arrest Plaintiff for a crime he didn't commit. (*See* Am. Compl. ¶¶ 33-34, 37, 68). He also implicates Defendant Fabian, who he alleges has a history of his employers accusing him of committing fraud – never mind that Plaintiff pulled these allegations from complaints where Defendant Fabian asserted that those fraud claims were, in fact, false and a pretext for unlawful discrimination. (*Id.* ¶ 49; Wal-Mart Complaint, ECF No. 49-16, at 3; CVS Complaint, ECF No. 49-17, at 3, 17). Due to this alleged history, Plaintiff concludes that Defendant Fabian must also be a part of this vast conspiracy as well.

This Court, however, is charged with only accepting the veracity of *well-pleaded factual allegations* – not implausible, conclusory, or speculative ones like the fascinating tale described

in Plaintiff's Amended Complaint. As Plaintiff admits, he drafted and signed a written statement – to which he swore he was not under threats or coercion when he signed – that concedes that Plaintiff reloaded Staples gift cards using customer credit cards and committed rewards fraud to the tune of over $5,000.

Even though Plaintiff claimed in the statement that he was being paid for design work for customers, it was reasonable – and *still* is reasonable – for Defendant Fabian to conclude that Plaintiff was defrauding the Company. Plaintiff was hired as a Copy & Print Associate. His entire job centered on performing design, print, and copy work for Staples customers and he was explicitly prohibited in Staples' Code of Ethics to perform work for Staples customers outside his job duties. Specifically, Plaintiff was responsible for providing "expert consultation," "resolving customer requests," "presenting solutions," and completing quality work within a specific time. By accepting side work from customers doing the *same work* he should have been doing on behalf of Staples as a Copy & Print Associate, Plaintiff was taking away sales from Staples.

The Blakney letter attached to the Amended Complaint only serves to prove this point. Instead of "resolving" her issues and "presenting solutions" – as Plaintiff should have done in his capacity as a Copy & Sales Associate – he made a side deal with Ms. Blakney. The money that should have been paid to Staples was paid to Plaintiff instead. Just because Ms. Blakney agreed to that arrangement does not mean that Plaintiff was not also defrauding the Company out of corresponding sales.

Besides Plaintiff's own self-serving statements of his alleged innocence, his Amended Complaint is void of allegations as to why it was unreasonable for Defendant Fabian to conclude, under the circumstances, that Plaintiff may have committed fraud. Moreover, Plaintiff pleads no

allegations that would support a finding that, under the circumstances, it was unreasonable for the police to conclude that a crime may have been committed. The police did, after all, have a sworn statement from Plaintiff admitting that he did commit the fraud. Having failed to plead allegations which would plausibly support a lack of probable cause, Plaintiff cannot overcome this complete defense to his Section 1983 claims.

### 2. Plaintiff Fails to Sufficiently Plead State Action

Second, Plaintiff's Section 1983 claims cannot survive because he fails to plead a sufficient basis for state action. "Private parties act under the color of state law if they jointly participate or conspire with a state actor to violate an individual's federal rights." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005). In other words, "[a] private actor will be found to have acted jointly with a state actor if he and the state actor somehow reached an understanding to violate the plaintiff's civil rights." *Id.*

In the present case, Plaintiff's only allegations against Defendants Fabian and Akram regarding state action are speculative and conclusory at best. Plaintiff does not make any factual allegations regarding interactions between Defendant Fabian and the police. And, Plaintiff only claims that there *must* have been a conspiracy between the police and Defendants Akram and Fabian simply because, "upon information and belief," Defendant Akram was friends with a detective and because the police arrested Plaintiff right after he signed a statement admitting that he defrauded the Company out of over $5,000. This is pure speculation, not to mention entirely implausible.

Moreover, even if Plaintiff had alleged communications or an actual meeting between the police and Defendants Fabian and Akram – which he does not – that allegation of joint conduct would *still* be insufficient. *See Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) (affirming dismissal of Section 1983 claims against private entity because the "only joint

conduct alleged in the present case was a meeting between attorneys for West Hartford and for Summit"); *Fisk*, 401 F. Supp. 2d at 377 (granting defendants' motion to dismiss because "[a]lleging merely that a private party regularly interacts with a state actor does not create an inference of agreement to violate a plaintiff's rights"). Simply put, Plaintiff has failed to allege any facts that, if proven, could demonstrate the level of joint participation with state authorities required to make Defendants Fabian and Akram state actors under § 1983.

The evidence against Staples itself is even more tenuous. Liability under Section 1983 can only be imposed for personal involvement in a constitutional tort and it is well settled that an allegation of *respondeat superior* liability is insufficient. *Green v. Bauvi,* 46 F.3d 189, 194 (2d Cir.1995) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). *Respondeat superior*, however, is the *only* theory of liability that Plaintiff has raised against Staples. Plaintiff has merely established in his Amended Complaint that Staples employed Defendants Fabian and Akram. He has not, for example, pled any facts which implicate a corporate policy with an affirmative link to the deprivation of Plaintiff's constitutional rights. *See Lemmo v. City of New York*, 2011 WL 4592785, at *11 (E.D.N.Y. Sept. 30, 2011) (dismissing Plaintiff's Section 1983 claims against the corporate defendant because defendant "cannot be held liable *solely* because it employs a[n alleged] tortfeasor").

Accordingly, Plaintiff's Section 1983 claims must be dismissed as against all Staples Defendants.

### C. Plaintiff's State Malicious Prosecution Claims (Count III) Fail as a Matter of Law

Plaintiff also brings state malicious prosecution claims against Defendant Fabian and imputes liability to Staples under the theory of *respondeat superior*. (Am. Compl., ECF No. 49, §§ 135-39). These claims fail as well.

"Under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010).

As an initial matter, "the existence of probable cause is a complete defense to a claim of malicious prosecution in New York." (*Id.* at 161-62) (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir.2003)). As explained above, because Plaintiff has not sufficiently alleged a lack of probable cause (or malice, for the same reasons), his state malicious prosecution claim fails as a matter of law.[3]

Second, Plaintiff has not sufficiently alleged that Defendants Akram or Fabian (much less Staples itself) initiated or continued a criminal proceeding against Plaintiff. All that Plaintiff alleges against Defendant Akram is that he was friends with one of the police officers and that he looked on while Defendant Fabian questioned Plaintiff about the fraudulent claims. And, even though Plaintiff alleges that Defendant Fabian filled out a statement as requested by the Elmsford police, all that statement did was summarize the admissions that Plaintiff had made in his own sworn statement. Finally, Plaintiff does not allege that either Defendant Fabian or Akram had any further involvement in his prosecution. For all these reasons, the allegations in the Amended Complaint are insufficient to support a malicious prosecution claim. *See Present v. Avon Prods.*, 253 A.D.2d 183, 190, 687 NYS2d 330 (1st Dep't 1999) ("The mere reporting of a crime to police and giving testimony are insufficient; it must be shown that defendant played an active

---

[3] With respect to Plaintiff's claim against Staples, it is also important to note that "allegations of negligence do not support a malicious prosecution cause of action." *Greer v. Natl. Grid*, 89 A.D.3d 1059, 1060 934 N.Y.S.2d 427, 428 (2d Dep't 2011).

role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.").

Third, Plaintiff has not pled a termination of the criminal proceedings in his favor. A proper showing requires that the favorable termination be on the merits. *See Velasquez v. City of New York*, 960 F. Supp. 776, 779 (S.D.N.Y. 1997). "According to the Second Circuit, a dismissal in the interests of justice [] cannot provide the favorable termination required as the basis for a claim of malicious prosecution." *Tribie v. Parwanta*, 2012 WL 246619, at *8 (S.D.N.Y. Jan. 26, 2012) (quoting *Lynch v. Suffolk Cnty. Police Dep't, Inc.*, 348 Fed. App'x 672, 674 (2d Cir. 2009).[4] Here, although the certificate of dismissal does not state the basis for dismissal, the transcript of hearing in state court reflects that the judge dismissed the case "in the interests of justice." *See* Hogan Decl. Ex. 2. Accordingly, Plaintiff's malicious prosecution claim fails.

"The law places a heavy burden on malicious prosecution plaintiffs." *Torres v. Jones*, 26 N.Y.3d 742, 760 (2016). Plaintiff simply has not met that burden here. This claim warrants dismissal.

### D. Plaintiff's Assorted Negligence Claims (Counts V and VII) Are Preempted by the Exclusivity Provisions of the Workers' Compensation Law

Plaintiff brings claims of negligence and negligent hiring/training/retention/supervision against all Staples Defendants. Specifically, Plaintiff clams that Defendants Akram and Fabian were negligent in their duties and that Staples "owed a duty of care to plaintiff to prevent the

---

[4] The Staples Defendants acknowledge the "divergence in this circuit on the constituent issue of whether the termination of a criminal case in the interest of justice is a favorable termination, *i.e.*, a termination that is not inconsistent with innocence." *Ying Li v. City of New York*, 246 F.Supp.3d 578, 608 (E.D.N.Y. 2017). However, *Lynch* expressly held that "a dismissal in the interests of justice [] cannot provide the favorable termination required as the basis for a claim of malicious prosecution." 348 Fed. App'x at 674. It remains good law and binding precedent. *See Tribie*, 2012 WL 246619 at *8; *see also Paulin v. Figlia*, 916 F.Supp.2d 524, 533 (S.D.N.Y. 2013).

conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct." (Am. Compl., ECF No. 49, ¶¶ 148-49). These allegations fail as a matter of law.

It is well-settled that the exclusive provisions of New York Workers' Compensation Law preempt all negligence-based claims against employers and derivative claims against coworkers. *See Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 138 (2001) ("We affirm the grant of judgment by reason of the New York's Workers' Compensation statute. It provides that: The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee when such employee is injured by the negligence or wrong of another in the same employ " (quoting N.Y. Workers' Comp. Law § 29(6).); *Yaba v. Cadwalader, Wickersham, & Taft*, 931 F. Supp. 271, 275 (S.D.N.Y. 1996) ("Injuries caused by a co-employee's gross negligence fall within that exclusive remedy provision.").

Accordingly, these claims are subject to dismissal under Rule 12(b)(6) as well.

### E. Plaintiff's Intentional Infliction of Emotional Distress Claim (Claim VI) Is Time Barred and Does Not State a Claim Upon Which Relief May Be Granted

Plaintiff brings a claim of intentional infliction of emotional distress ("IIED") claim against Defendants Fabian and Akram and imputes liability to Staples under the theory of *respondeat superior*. (Am. Compl., ECF No. 49, ¶¶ 155, 164).

As an initial matter, Plaintiff's claim is time barred. IIED claims have a one year statute of limitations. *See* C.P.L.R. 215; *Ross v. Louise Wise Servs, Inc.*, 8 N.Y.3d 478, 491, 836 N.Y.S.2d 509 (2007). Plaintiff's IIED claim revolves around the actions Defendants Fabian and Akram allegedly took in August 2015. Since Plaintiff did not bring his lawsuit until May 2017, Plaintiff's IIED claims are time barred.

Moreover, in order to state a claim for IIED, Plaintiff must describe conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Brown v. Sears Roebuck and Co.*, 297 A.D.2d 205, 212, 746 N.Y.S.2d 141 (1st Dep't 2002). Even if it were true that Defendants Akram and Fabian gave false information to the police that led to his arrest – which they deny – this would *still* be insufficient. *See id.* (giving false information to police is not so outrageous to support a claim).

Accordingly, the Court should dismiss this claim as a matter of law.

### F. Plaintiff Does Not Plead Sufficient Facts to Support His Conspiracy Claim (Claim IX)

Plaintiff also brings conspiracy claims against Defendants Akram and Fabian only. (Am. Compl., ECF No. 49, ¶¶ 171, 175).

In order to establish a plausible conspiracy claim, Plaintiff must articulate (1) a conspiracy; (2) for the purpose of depriving him, either directly or indirectly, equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) whereby he was deprived of any right of a citizen of the United States. *See Richards v. City of New York*, 2007 U.S. Dist. Lexis 23726 at *14 (S.D.N.Y. Mar. 30, 2007) (citing *Mian v. Donaldson, Lufkin, & Jenrette Securities Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)). In order to meet the requirements for the first element – a conspiracy – Plaintiff must plead "some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003).

As established in Point II.A, Plaintiff has not sufficiently pled the first, second, and last elements. Plaintiff does not allege sufficient facts to support the creation of a "conspiracy." He does not plead actual facts to demonstrate that Staples Defendants and the police officers had a

"meeting of the minds" to improperly accuse him of a crime and arrest him. Instead, Plaintiff only speculates that there was a conspiracy because Akram was friends with a police detective and because the police were there to arrest him after he finished signing his statement. This is implausible and insufficient. Moreover, Plaintiff does not successfully prove that he was deprived of any right or equal protection of the laws. As explained above, despite Plaintiff's best efforts to explain away his actions, his Amended Complaint demonstrates that the police had probable cause when they arrested him.

Accordingly, the Court should dismiss Plaintiff's conspiracy claim.

### G. Plaintiff's Coercion Claim (Claim XI) Is Time Barred and Also Fails as a Matter of Law

Finally, Plaintiff asserts a coercion claim against Defendants Fabian and Akram only. (Am. Compl., ECF No. 49, ¶¶ 182-84).

As an initial matter, coercion is an intentional tort, and thus is subject to a one-year statute of limitations. *See* C.P.L.R. 215; *Gallagher v. Directors Guild of Am., Inc.*, 144 A.D.2d 261, 263, 533 NYS2d 863 (1st Dep't 1988) ("The operative distinction between the sort of causes of action governed by C.P.L.R. 215 and those within the scope of C.P.L.R. 214 is whether the particular claim involved is for an intentional tort or a tort sounding in negligence.") (citations omitted) Plaintiff's coercion claim revolves around the actions Defendants Fabian and Akram allegedly intentionally took in August 2015. Since Plaintiff did not bring his lawsuit until May 2017, Plaintiff's coercion claim is time barred.

Moreover, Plaintiff's coercion claim fails to state a claim upon which relief can be granted. "It is well established that no civil cause of action for coercion (or related causes of action) will lie if the threatened conduct is something that the defendant has a right to do anyway." *Penn Warranty Corp. v. DiGiovanni*, 810 N.Y.S.2d 807, 816 (N.Y. Sup. Ct. 2005).

Here, Defendants Fabian and Akram had the legal right to question Plaintiff about the alleged fraud and report that fraud to the police (whether or not Plaintiff had confessed – which he did). Accordingly, Plaintiff's coercion claim should be dismissed as well.

## III. CONCLUSION

For all of the foregoing reasons, the Staples Defendants respectfully request that the Court grant their Motion and dismiss Plaintiff's claims against them with prejudice and grant such other and further relief as the Court deems just and appropriate.

Date:  November 13, 2017
New York, New York

*s/Christine Hogan*
Craig R. Benson
Christine L. Hogan
Jennifer L. Taiwo

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Counsel for the Staples Defendants*