UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICAH OVERBY,

                Plaintiff,

       -against-

WENDELL ERIC FABIAN; TARIQ AKRAM;
STAPLES THE OFFICE SUPERSTORE EAST,
INC.; Detective GIANPAOLO DILISIO #36; Police
Officer MONTESANO #42; Elmsford Police Chief
STEPHEN FOSTER; VILLAGE OF ELMSFORD;
ELMSFORD POLICE DEPARTMENT; and JOHN
and JANE DOE 1 through 10,

                Defendants.

Case No. 17 CV 3377 (CS)

ECF Case

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE STAPLES DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

---

Date:  January 5, 2018
       New York, New York

**LITTLER MENDELSON**
  A Professional Corporation
900 Third Avenue, 8th Floor
New York, New York 10022
212.583.9600

*Attorneys for Staples Defendants*

## TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ................................................................................. 1

II.  ARGUMENT ...................................................................................................... 2

    A.  The Court Should Dismiss All Of Plaintiff's Remaining Claims Against
        Staples Because Plaintiff Does Not Address Defendants' Arguments That
        An Allegation Of *Respondeat Superior* Is Insufficient............................................. 2

    B.  The Court Should Dismiss Plaintiff's False Arrest, Malicious Prosecution,
        And Denial Of The Constitutional Right Of Fair Trial Claims ............................. 2

        1.  Plaintiff Abandoned His Allegations of State Action, Which Is
            Fatal to His Section 1983 Causes of Action ............................................... 2

        2.  Probable Cause Exists............................................................................... 3

    C.  The Court Should Dismiss Plaintiff's State Malicious Prosecution Claim ........... 5

    D.  The Court Should Dismiss Plaintiff's Conspiracy Claim ..................................... 7

    E.  The Court Should Dismiss Plaintiff's Coercion Claim......................................... 8

III.  CONCLUSION................................................................................................... 9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anti-Monopoly v. Hasbro, Inc.*,
  958 F. Supp. 895 (S.D.N.Y. 1997), *aff'd*, 130 F.3d 1101 (2d Cir. 1997) ............................2, 3

*Bang v. Utopia Restaurant*,
  923 F. Supp. 46 (S.D.N.Y. 1996).......................................................................................8

*Betts v. Shearman*,
  751 F.3d 78 (2d Cir. 2014)................................................................................................4

*Biswasi v. City of New York*,
  973 F. Supp. 2d 504 (S.D.N.Y. 2013)...............................................................................8

*Brown v. Sears Roebuck and Co*,
  746 N.Y.S.2d 141 (1st Dep't 2002) ..................................................................................5

*Carlton v. Nassau County Police Dept.*,
  761 N.Y.S.2d 98 (2d Dep't 2003).....................................................................................4

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002).............................................................................................6

*Gallagher v. Directors Guild of Am., Inc.*,
  533 N.Y.S.2d 863 (1st Dep't 1988) ..................................................................................8

*Gordon v. City of New York*,
  15 CV 2439, 2016 WL 10678073 (E.D.N.Y. July 22, 2016) ...........................................8

*Penn Warranty Corp. v. DiGiovanni*,
  810 N.Y.S.2d 807 (N.Y. Sup. Ct. 2005) ...........................................................................9

*People v. McRay*,
  51 N.Y.2d 594 (1980) .......................................................................................................3

*Tchatat v. City of New York*,
  14 CV 2385, 2015 WL 5091197 (S.D.N.Y. Aug. 28, 2015) ............................................8

*Webb v. Goord*,
  340 F.3d 105 (2d Cir. 2003)..............................................................................................8

*Weintraub v. Bd. of Educ.*,
  423 F. Supp. 2d 38 (E.D.N.Y. 2006) ................................................................................3

**Other Authorities**

C.P.L.R. 214.............................................................................................................8

C.P.L.R. 215.............................................................................................................8

Federal Rules of Civil Procedure Rule 12(b)(6) ........................................................1

## I.    PRELIMINARY STATEMENT

Defendants Staples the Office Superstore East, Inc. ("Staples" or the "Company"), Wendell Eric Fabian, and Tariq Akram (collectively, the "Staples Defendants"), by and through their attorneys, Littler Mendelson, P.C., respectfully submit this Reply Memorandum of Law in further support of its Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff's allegations are inadequate to withstand a motion to dismiss. Despite two attempts with an initial and now Amended Complaint, Plaintiff has still failed to sufficiently plead any of his claims.

As a threshold matter, Plaintiff has withdrawn and does not oppose dismissal of (i) all claims against Akram; (ii) all negligence claims against Staples and Fabian; (iii) his claim for negligent infliction of emotional distress; and (iv) his claim for intentional infliction of emotional distress. Thus, the court should dismiss those claims in their entirety with prejudice.

This leaves only the following claims against corporate Defendant Staples and individual Defendant Fabian: (1) Section 1983 false arrest (Fabian and Staples), (2) Section 1983 malicious prosecution (Fabian and Staples), (3) Section 1983 denial of the constitutional right of fair trial (Fabian and Staples), (4) state malicious prosecution (Fabian and Staples), (5) Section 1983 conspiracy (Fabian only), and (6) coercion (Fabian only).  As demonstrated below, however, Plaintiff's opposition fails to demonstrate how any of these remaining claims are legally viable against either remaining Defendant.

II.     **ARGUMENT**[1]

    A.     **The Court Should Dismiss All Of Plaintiff's Remaining Claims Against Staples Because Plaintiff Does Not Address Defendants' Arguments That An Allegation Of *Respondeat Superior* Is Insufficient**

The only basis upon which Plaintiff rests his remaining claims of liability against Staples is vis-à-vis an allegation of *respondeat superior* liability.  As demonstrated in the Staples Defendants' moving papers, this allegation is insufficient to a state a claim for which relief can be granted.  *See* Staples Def. Mov. Brief at 8.  Plaintiff, however, does not address these arguments in his opposition brief, and has thus abandoned all claims against Staples.  *See Anti-Monopoly v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n. 11 (S.D.N.Y. 1997) ("[U]nder New York state law, the failure to provide argument on a point at issue constitutes abandonment of the issue."), *aff'd*, 130 F.3d 1101 (2d Cir. 1997).

Accordingly, all of Plaintiff's claims of false arrest, malicious prosecution, and denial of the constitutional right of fair trial (Counts I-IV) must be immediately dismissed with prejudice as against Staples.

    B.     **The Court Should Dismiss Plaintiff's False Arrest, Malicious Prosecution, And Denial Of The Constitutional Right Of Fair Trial Claims**

Even if the Court does not dismiss Plaintiff's Section 1983 claims[2] against Staples as abandoned, they still fail to state a claim against both Staples and Defendant Fabian.

        1.     **Plaintiff Abandoned His Allegations of State Action, Which Is Fatal to His Section 1983 Causes of Action**

As demonstrated in Staples Defendants' moving papers, in order to state any Section 1983 claim, a plaintiff must sufficiently plead both lack of probable cause <u>and</u> state action.  *See*

---

[1]  Even though the Staples Defendants dispute Plaintiff's allegations, they base this motion, consistent with the Court's standard of review, on the allegations in the Amended Complaint and the documents referenced in it.

[2] Plaintiff failed to address the Staples Defendants' arguments as applied to Plaintiff's denial of a fair trial claim.  Accordingly, the Court should dismiss this claim (Count IV) as abandoned as well.

Staples Def. Mov. Brief at 4-5, 7-8.  Nowhere in his moving papers, however, does Plaintiff address state action as against any of the Staples Defendants.  This is fatal to all of Plaintiff's Section 1983 claims (Counts I-II, IV, IX).  *See Anti-Monopoly*, 958 F. Supp. 895 at 907 n.11. The Court should dismiss them with prejudice for this reason alone.

### 2.      Probable Cause Exists

Instead of addressing both required elements of Section 1983 claims, Plaintiff focuses on defending against Defendants' argument that he did not sufficiently allege a lack of probable cause.  Plaintiff's Section 1983 claims, however, fail on this element as well.

The crux of Plaintiff's argument is that he pled enough facts to demonstrate that Fabian was an unreliable complaining witness and thus probable cause for Plaintiff's arrest did not exist. (Pl. Brief at 9-11).  This is simply not the case.

Plaintiff's argument fails for three reasons:  (1) the police officers did not *just* rely on Fabian's statements when they decided to arrest Plaintiff, (2) Plaintiff had signed a statement admitting to the elements of grand larceny in the 3rd degree, and (3) Plaintiff did not include any allegations in his Amended Complaint that he protested his innocence to the police officers or otherwise gave them any reason to doubt his signed statement.  "Probable cause requires, not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction, but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed."  *People v. McRay*, 51 N.Y.2d 594, 602 (1980) (citations omitted); *see also Weintraub v. Bd. of Educ.*, 423 F. Supp. 2d 38, 54 (E.D.N.Y. 2006).  Nothing in Plaintiff's Amended Complaint plausibly supports a finding that a reasonable person would not conclude that a crime had been committed.

Plaintiff cites several cases for the proposition that uncorroborated statements of a civilian do not provide probable cause.  (Pl. Brief at 9-15).  As an initial matter, Fabian was not

just a civilian – he was a trained Loss Prevention Manager tasked with investigating and identifying potential fraud and theft that was occurring in Staples stores.  Plaintiff's cases are inapposite for this reason alone.

Moreover, Plaintiff's cited cases are distinguishable due to the simple fact that the police officers not only relied on Fabian's statement, but on the written statement of the Plaintiff himself.  In that statement, Plaintiff specifically wrote "Beginning April 2015 to the present, I reloaded Staples cash cards on multiple transactions using customer credit cards or cash in the amount of $3,500, and additional $1891 in rewards fraud. . . .The loss that I cause to the Company by committing what was explained to me as fraud is $5,390."  (Hogan Decl., ECF No. 52, Ex. 1 (Plaintiff's statement)).  Plaintiff also agreed that his statement was "offered by [him] voluntarily, and each element is true, to the best of [his] knowledge.  No threats, promises, acts of coercion or acts of inducement were made towards [him] by Eric Fabian."  *Id.*  The fact that the police had a written confession from Plaintiff himself is dispositive.

 Plaintiff also makes much ado about Fabian's litigations against past employers, in which he asserts claims for unlawful discrimination and describes the management of past employers, not Staples.  (Pl. Brief at 2-3, 9-11). None of these facts, however, raised a question as Fabian's reliability as he appeared to police officers because none were brought up at the time of Plaintiff's arrest.

Plaintiff's attempt to distinguish *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014), fails because, as the *Betts* court itself states, "probable cause exists if a law enforcement officer received information from some person, normally the putative victim or eyewitness," with the victim here being Staples.  Similarly, Plaintiff's reliance on *Carlton v. Nassau County Police Dept.*, 761 N.Y.S.2d 98, 100 (2d Dep't 2003), is unpersuasive because unlike *Carlton*, Plaintiff

did not contemporaneously dispute his arrest either verbally or in writing.

Having failed to plead allegations which would plausibly support a lack of probable cause, Plaintiff cannot overcome this complete defense to his Section 1983 claims. Accordingly, they should be dismissed on this basis as well.

### C.    The Court Should Dismiss Plaintiff's State Malicious Prosecution Claim

Plaintiff opposes the Staples Defendants' motion to dismiss the state malicious prosecution claim by misconstruing the Staples Defendants' arguments and also claiming that an official court document from his own prosecution should not be considered by this Court. Plaintiff's attempts fail.

First, despite Plaintiff's claims to the contrary, the Staples Defendants do not argue that "providing false information to police officers and prosecutors cannot give rise to liability for malicious prosecution." (Pl. Brief at 16). This is misleading. Rather, the Staples Defendants argue that Plaintiff has not sufficiently alleged a lack of probable cause because the police officers had both Fabian's statement <u>and</u> Plaintiff's handwritten statement when determining whether to arrest Plaintiff. (Staples Def. Moving Brief at 5-7, 9). In fact, *Brown v. Sears Roebuck and Co.* – cited to by Plaintiff in support of his argument (Pl. Brief at 16) – actually supports the Staples Defendants' arguments on this very point:

> Nor does plaintiff's allegation of falsified evidence by Sankar vitiate the finding of probable cause . . . . As Justice Green found, *probable cause existed for plaintiff's arrest without any reference to the alleged statements made by Sankar, rendering them mere surplusage.* Moreover, as indicated, since there is no evidence in the record that this evidence contributed in any way to plaintiff's arrest, it cannot undermine the probable cause finding. The existence of probable cause bars plaintiff's claims for malicious prosecution as a matter of law.

*Brown v. Sears Roebuck and Co*, 746 N.Y.S.2d 141, 147 (1st Dep't 2002) (emphasis added).

Moreover, Plaintiff's argument that Fabian actually did provide false statements to police

officers is also misleading and conclusory at best.  There are simply no facts alleged supporting a claim that Fabian made false statements *to the police* because Fabian's written statement only summarized what Plaintiff, himself, admitted to in his handwritten statement.  The substance of the written statements is the same—that Plaintiff fraudulently used customer credit cards to load funds on Staples gift cards, which he later used to purchase items from Staples that he resold on eBay.  *Compare* Am. Cmpl., ECF. No. 49, Ex. 11 (Fabian's statement) *with* Hogan Decl., ECF No. 52, Ex. 1 (Plaintiff's statement).

Accordingly, the Court should dismiss Plaintiff's state malicious prosecution claim for his failure to sufficiently plead a lack of probable cause.

Next, Plaintiff argues that the Court should not consider the transcript from the subject criminal proceeding dismissing the charges against him because it is not integral to his pleadings. (Pl. Brief at 17-18). Yet, this, too, is misguided.  The Second Circuit has explained that, in determining what documents a district court may consider on a motion to dismiss, the "harm to the plaintiff when a court considers material extraneous to a complaint is the lack of notice that the material may be considered."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  Accordingly, "documents [Plaintiff] had either in [his] possession or had knowledge of and upon which [he] relied in bringing suit" are properly considered by the Court.  *Id.*  In *Chambers*, the court "reiterate[d] . . . that a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on the dismissal motion."  *Id.*

Here, Plaintiff's argument is unavailing since Plaintiff himself was not only aware of the purported extrinsic evidence (as it was a transcript of his own criminal hearing), but he also definitively relied on the terms and effect stated in the transcript in his Amended Complaint.

(*See* Am. Compl., ECF No. 49, ¶ 107 (citing the Certificate of Disposition issued in response to the dismissal detailed in the transcript).  For Plaintiff to now assert that he has somehow been prejudiced by the introduction of this limited material—the very transcript of the hearing in which the charges against him were dismissed and which was the subject of a specific factual allegation that Plaintiff made in his Complaint—is disingenuous and should not bar a ruling in Defendant's favor.

Simply put, the transcript demonstrates that the criminal case against Plaintiff was not terminated "on the merits."  Instead, the case was dismissed because the prosecution voluntarily decided to withdraw the charges:

> Ms. Branca-Santos: Your Honor, I've had an opportunity to evaluate this case at the request of Counsel. I also had the opportunity to go over the case with ADA Paul Scharf, who is the Division Chief of Grand Jury and Local Courts.  Your Honor, based upon those evaluations, the People at this time have an application to withdraw these charges in the interest of justice.
>
> The Court: *Charges withdrawn*.

(Hogan Decl., ECF No. 52, Ex. 2, at 3:10-14 ("Ms. Branca-Santos: . . . Your Honor, based upon those evaluations, the People at this time have an application to withdraw these charges in the interest of justice. The Court: *Charges withdrawn*" (emphasis added))).

The Court should dismiss Plaintiff's state malicious prosecution claims with prejudice for this reason as well.

### D.    The Court Should Dismiss Plaintiff's Conspiracy Claim

Plaintiff persists in his assertion that he has sufficiently pled a Section 1983 conspiracy claim, yet, his arguments are unavailing.

First, as stated above, Plaintiff has abandoned his claims of state action between Fabian and the police officers.  Accordingly, the Court should dismiss this claim on this basis alone.

For the same reasons, Plaintiff's allegations simply do not support the existence of a

"conspiracy" between Fabian and the police – he does not plead actual facts to demonstrate a "meeting of the minds" to improperly accuse him of a crime and arrest him.  *See Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003).  Instead, Plaintiff only speculates that there was a conspiracy because Akram was friends with a police detective and because Plaintiff was promptly arrested. However, Plaintiff withdrew his claims against Akram, and there is not one allegation in the complaint about any purported conspiracy between Fabian and the police officers.  (Pl. Brief at 20-21).  Accordingly, Plaintiff's reliance on *Bang v. Utopia Restaurant*, 923 F. Supp. 46 (S.D.N.Y. 1996), *Tchatat v. City of New York*, 14 CV 2385 (LGS), 2015 WL 5091197 (S.D.N.Y. Aug. 28, 2015), *Biswasi v. City of New York*, 973 F. Supp. 2d 504 (S.D.N.Y. 2013), and *Gordon v. City of New York*, 15 CV 2439 (CBA), 2016 WL 10678073 (E.D.N.Y. July 22, 2016), is misplaced because all those cases presented circumstances where the arresting officers continued with arrests, despite contemporaneous and conclusive exculpatory evidence such as video surveillance and actual knowledge that no crime had occurred.  None of those circumstances are alleged in this case.

Plaintiff's conspiracy claims fail for this reason as well.

### E.    The Court Should Dismiss Plaintiff's Coercion Claim

In support of his coercion claim, Plaintiff argues only that a three-year statute of limitations applies to the tort of coercion, but again, he is wrong. The applicable case law is clear that an intentional tort, like the one alleged here involving a conspiracy between the defendants to fabricate a story sounding in fraud, is subject to a one-year statute of limitations. (Pl. Brief at 23-24).  *See* C.P.L.R. 215; *Gallagher v. Directors Guild of Am., Inc.*, 533 N.Y.S.2d 863, 865 (1st Dep't 1988) ("The operative distinction between the sort of causes of action governed by C.P.L.R. 215 and those within the scope of C.P.L.R. 214 is whether the particular claim involved is for an intentional tort or a tort sounding in negligence.") (citations omitted).  Plaintiff's

coercion claim revolves around the actions Defendants Fabian and Akram allegedly intentionally took in August 2015.   Since Plaintiff did not bring his lawsuit until May 2017, Plaintiff's coercion claim is time barred.[3]   The Court should dismiss Plaintiff's coercion claim for this reason alone.

Moreover, Plaintiff does not oppose Defendants' argument that Fabian had the legal right to question Plaintiff about the alleged fraud and report the fraud to police.   Consequently, Plaintiff abandons his claim. Since Plaintiff's coercion claim is barred by both the applicable statute of limitations and his concession that he was legitimately interrogated about the fraudulent transactions, it should be dismissed with prejudice here.   *See Penn Warranty Corp. v. DiGiovanni*, 810 N.Y.S.2d 807, 816 (N.Y. Sup. Ct. 2005) ("It is well established that no civil cause of action for coercion (or related causes of action) will lie if the threatened conduct is something that the defendant has a right to do anyway.").

## III.   CONCLUSION

For all of the foregoing reasons and the reasons as stated in their moving papers, the Staples Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's claims against them with prejudice and grant such other and further relief as the Court deems just and appropriate.

---

[3] Plaintiff misplaces his reliance on three cases to argue that a three-year statute of limitations applies.  However, none of the cases he cites discuss the statute of limitations applicable to a claim of coercion.

Date:   January 5, 2017                    *s/Christine L. Hogan*
        New York, New York                 Craig R. Benson
                                           Christine L. Hogan
                                           Jennifer L. Taiwo

                                           LITTLER MENDELSON, P.C.
                                           900 Third Avenue
                                           New York, NY  10022.3298
                                           212.583.9600

                                           *Counsel for the Staples Defendants*