UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICAH OVERBY,  17 CIV 3377 (CS)

                              Plaintiff,

    -against-

WENDELL ERIC FABIAN; TARIQ AKRAM;
STAPLES THE OFFICE SUPERSTORE EAST INC.;
DETECTIVE GIANPAOLO DILISIO #36;
POLICE OFFICER MONTESANO #42; Elmsford
Police Chief STEPHEN FOSTER; VILLAGE OF
ELMSFORD; ELMSFORD POLICE DEPARTMENT;
and JOHN AND JANE DOE 1 through 10,

                            Defendants.
---------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Burke, Miele, Golden & Naughton, LLP
*Attorneys for Defendants Village of
Elmsford, Elmsford Police Department,
Police Chief Stephen Foster, Det. Gianpaolo
Dilisio #36 and P.O. Montesano #42*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080

# TABLE OF CONTENTS

POINT I .................................................................................................1

THE WORDS OF TWO COMPLAINING WITNESSES AND
PLAINTIFF'S OWN CONFESSION PROVIDED PROBABLE
CAUSE. NO FURTHER INQUIRY WAS REQUIRED.

    a. At the Time of Arrest There Was No Doubt as to the Veracity
       of the Witnesses ......................................................................................2

    b. Defendant Officers Have No Duty to Investigate Plaintiff's
       Alleged Exculpatory Statements..............................................................3

    c. Plaintiff's Malicious Prosecution Claim Also Fails Because the
       Elmsford Officers Did Not Initiate the Prosecution ................................5

POINT II ................................................................................................7

PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY

POINT III ...............................................................................................8

QUALIFIED IMMUNITY

POINT IV ...............................................................................................8

PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO
INTERVENE, NEGLIGENCE, SUPERVISORY LIABILITY AND
THE DENIAL OF A FAIR TRIAL

CONCLUSION.....................................................................................10

# TABLE OF CASES

*Ackerson v. City of White Plains*, 702 F.3d 15 (2d Cir. 2012)..................................5

*Adams v. Williams*, 407 U.S. 143, 146-47 (1972)..................................3

*Alvarado v. City of New York*, 453 Fed. Appx. 56 (2d Cir. 2011)..................................4

*Anderson v. Branen*, 17 F.3d 552 (2d Cir. 1994)..................................8

*Bang v. Utopia Restaurant*, 923 F.Supp. 46 (S.D.N.Y. 1996)..................................7

*Bernard v. United States*, 25 F.3d 98 (2d Cir. 1994)..................................1

*Caldarola v. Calabrese*, 298 F.3d 156 (2d Cir. 2002)..................................2

*Costello v. Milano*, 20 F.Supp.3d 406 (2014)..................................6

*Cruz v. City of New York*, 232 F.Supp.3d 438 (S.D.N.Y. 2017)..................................5

*Drummond v. Castro*, 522 F.Supp.2d 667 (S.D.N.Y. 2007)..................................2

*Fisk v. Letterman*, 401 F.Supp.2d 362 (S.D.N.Y. 2005)..................................7

*Garnett v. Undercover Officer C0039*, 838 F.3d 265 (2d Cir. 2016)..................................9

*Guerrero v. City of New York*, 2013 WL 5913372 (S.D.N.Y. Nov. 4, 2013)..................................4

*Hulett v. City of Syracuse*, 253 F.Supp.3d 462 (N.D.N.Y. 2017)..................................10

*Hunter v. Bryant*, 502 U.S. 224 (1991)..................................8

*Husbands ex rel. Forde v. City of New York*,
2007 WL 2454106 (S.D.N.Y. Aug. 16, 2007)..................................5

*Jovanovic v. City of New York*, 486 Fed.Appx. 149 (2d Cir. 2012)..................................9

*Ladoucier v. City of New York*, 2011 WL 2206735 (S.D.N.Y. June 6, 2011)..................................4

*Lee v. Sandberg*, 136 F.3d 94 (2d Cir. 1997)..................................3

*Lowth v. Town of Cheektowaga*, 82 F.3d 563 (2d Cir. 1996)..................................2

*Malley v. Briggs*, 475 U.S. 335 (1986)..................................8

*Manganiello v. City of New York*, 612 F.3d 149 (2d Cir. 2010)..........................................1

*Martin v. Malhoyt*, 830 F.2d 237 (D.C. Cir. 1987)..........................................................8

*Miloslavsky v. AES Eng'ring Soc'y*, 808 F.Supp. 351 (S.D.N.Y. 1992) ..........................3

*Newman v. Bloomingdale's*, 543 F.Supp. 1029 (S.D.N.Y. 1982) ....................................7

*Panetta v. Crowley*, 460 F.3d 388 (2d Cir. 2006)............................................................3

*Pangburn v. Culbertson*, 200 F.3d 65 (2d Cir. 1999).......................................................7

*Robinson v. Via*, 821 F.2d 913 (2d Cir. 1987).................................................................8

*Roe v. City of Waterbury*, 542 F.3d 31 (2d Cir. 2008).....................................................9

*Rohman v. N.Y. City Transit Auth. (NYCTA)*, 215 F.3d 208 (2d Cir. 2000)....................5

*Romer v. Morgenthau*, 119 F.Supp.2d 346 (S.D.N.Y. 2000) ..........................................7

*Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994)..............................................................6

*Savino v. City of New York*, 331 F.3d 63 (2d Cir. 2003) .................................................1

*Terio v. Michaud*, 2010 WL 6032586 (S.D.N.Y. Dec. 3, 2010)...................................3, 4

*Thomas v. Culberg*, 741 F.Supp. 77 (1990)....................................................................8

*Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996) ..................................................................1

POINT I

**THE WORDS OF TWO COMPLAINING WITNESSES AND PLAINTIFF'S OWN CONFESSION PROVIDED PROBABLE CAUSE. NO FURTHER INQUIRY WAS REQUIRED.**

Since probable cause existed, at the time of the Plaintiff's arrest, his claims for false arrest and malicious prosecution must be dismissed. No facts as alleged in the First Amended Complaint ("FAC") overcome the reality that at the time of plaintiff's arrest the officers from the Elmsford police department had probable cause to arrest plaintiff for grand larceny. In the context of a claim for false arrest, "[t]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir. 1994)). Just the same, "the existence of probable cause is a complete defense to a claim of malicious prosecution." *Manganiello v. City of New York*, 612 F.3d 149, 161-162 (2d Cir. 2010) (alteration omitted) (quoting *Savino* v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003)).

Plaintiff's opposition papers attempt to divert the Court's attention from his signed hand written confession, the sworn statement from Eric Fabian Field the Loss Prevention Manager at Staples Inc. and a complaint from Tariq Akram, the Staples General Manager that were provided to the arresting officers establishing probable cause. He does so by attempting to attack the credibility of one of the two Staples complainants and by pointing to portions of his confession that he alleges are exculpatory. Both attempts must be rejected. The police officers were informed by Staples Store General Manager Tariq Akram and the Loss Prevention Officer Eric Fabian that Overby had admitted to "fraudulently using customers credit cards and loading funds on Staple Gift Cards then purchasing items from Staples and selling them on Ebay for cash." Overby's

1

confession, sworn under oath, admitted he caused a loss of $5,390[1] to Staples for what was explained as fraud. (FAC Ex. 5 & 11)[2]

### a. At the Time of Arrest There Was No Doubt as to the Veracity of the Witnesses.

"[W]hen determining whether probable cause exists courts 'must consider those facts available to the officer at the time of the arrest and immediately before it.'"(*Caldarola v. Calabrese,* 298 F.3d 156, 162 (2d Cir. 2002) (citing *Lowth v. Town of Cheektowaga,* 82 F.3d 563, 568 (2d Cir. 1996)). There is no indication in the FAC that the circumstances prior to plaintiff's arrest should have raised any doubts as to Akram or Fabian's veracity. The Plaintiff's amended complaint catalogues Defendant Fabian's alleged checkered employment history. While it may be before the court now, these facts were not facts made available to the arresting officers at the time of the arrest or immediately before it. The amended complaint therefore does not present circumstances to raise doubts as to either Akram or Fabian's veracity.

Contrary to the Plaintiffs assertions, there is no requirement that the police officer Defendants corroborate the statements of a civilian in order for the statements to establish probable cause. This is because "[c]ourts have repeatedly found that there is a presumption of probable cause to arrest when police are acting on the testimony of a putative victim or eye witness." *Drummond v. Castro,* 522 F.Supp.2d 667, 673 (S.D.N.Y. 2007). The courts have also held that "if policemen arrest a person on the basis of a private citizen's complaint that, if true, would justify

---

[1] Pursuant to N.Y. Penal Law Section 155.35(1) a person is guilty of Grand Larceny in the third degree when he steals property and the value of the property exceeds $3000. In plaintiff's sworn confession he admitted to a "loss to the company" owing to his fraud in the amount of $5,390. FAC Ex. 5. Plaintiff's own confession admits to each of elements of Grand Larceny in the third degree.

[2] The bottom of each page of Mr. Overby's confession right above his signature it states it is being "offered by [Mr. Overby] voluntarily, and each element is true to the best of my knowledge. No threats, promises, acts of coercion or acts of inducement were made toward me by Eric Fabian nor any other agent of Staples incorporated, to compel me to submit this statement, and was done by [Mr. Overby] under [his] own free will." (FAC, Ex. 5).

the arrest, and they reasonably believe it is true, they cannot be held liable merely because it later turns out that the complaint was unfounded." *Terio v. Michaud,* 2010 WL 6032586 at *4 (S.D.N.Y. Dec. 3, 2010) (quoting *Lee v. Sandberg,* 136 F.3d 94, 103 (2d Cir. 1997). The "veracity of citizen complaints" brought by victims of "the very crime they report ... is assumed." *Miloslavsky v. AES Eng'ring Soc'y,* 808 F.Supp. 351, 355 (S.D.N.Y. 1992), *aff'd,* 993 F.2d 1534 (2d Cir. 1993). It is well established that law enforcement officials have probable cause to arrest if they received information from some person, normally the putative victim or eyewitness, who it seems reasonable to believe is telling the truth. *Id.* The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed. *See Adams v. Williams,* 407 U.S. at 146–47, 92 S.Ct. at 1923–24.[3]

Here, there is nothing in plaintiff's FAC that sets forth any facts at the time of the arrest or before that raised any doubts about the veracity of the Staples complainants, Tariq Akram or Eric Fabian.

### b. Defendant Officers Have No Duty to Investigate Plaintiff's Alleged Exculpatory Statements.

An arresting officer has no duty to investigate exculpatory defenses or to assess the credibility of claims regarding defenses. "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Panetta v. Crowley,* 460 F.3d 388, 396 (2d Cir. 2006)."[O]nce officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those

---

[3] The veracity of complainant Tariq Akram must be further assumed since Plaintiff has now withdrawn all claims against him including his claim of coercion. (PL. Opp. p. 26).

3

suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Id.* at 396.

Plaintiff's argument that the Elmsford defendant's failed to investigate his alleged exculpatory statements is unpersuasive because "[p]olice officers have no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause." *Guerrero v. City of New York*, 2013 WL 5913372 at *4 (S.D.N.Y. Nov. 4, 2013) In dismissing the Second Amended Complaint[4], the court in *Guerrero* found that "[t]he arresting officers' alleged failure to credit Plaintiff's exculpatory statements does not affect the probable cause determination." *Id.* at *5. *See also Alvarado v. City of New York*, 453 Fed. Appx. 56, 58 (2d Cir.2011) ("Once a police officer has a reasonable basis for believing there is a probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest).

In this instance, the arresting officers' failure to credit the plaintiff's alleged exculpatory statement that he used expertise to charge customers on his free time" contained in Plaintiff's signed statement similarly does not affect the probable cause determination. Plaintiff signed the statement and admitted to causing a loss by fraud of $5,390 to Staples without their permission or

---

[4] On pages 7 to 9 of plaintiff's opposition brief plaintiff's tries to distinguish cases decided by summary judgment versus motions to dismiss which were relied upon in the Elmsford defendants' initial moving papers. However, plaintiff's attempt is unavailing because it is a distinction without a difference. This is because the legal principles of probable cause "stated in those cases apply [to a 12(b)(6) motion] with equal force." *Ladoucier v. City of New York*, 2011 WL 2206735 at *3, n. 4 (S.D.N.Y. June 6, 2011). A § 1983 claim "fail[s] if the plaintiff's version of events establishes probable cause to arrest." *Terio v. Michaud*, 2010 WL 6032586 at *4 (S.D.N.Y. Dec. 3, 2010).. In *Ladoucier* the court held that "LaDoucier's own allegations in the FAC demonstrate that probable cause existed." *Ladoucier*, 2011 WL 2206735 at * 3. Here, the Plaintiff's own allegations in the FAC demonstrate that probable cause existed. The Defendant Police Officers were told by the Plaintiff's manager and a Staples Field Loss Prevention Manager that Plaintiff had committed a theft, and the Plaintiff had just signed a statement admitting to that fact. (cite to FAC????) Even if there was any significance that can be attached, plaintiff acknowledges the existence of probable cause.

authority. This is well above the $3,000 threshold required by the felony Grand Larceny in the Penal Law § 155.35(1).

### c. Plaintiff's Malicious Prosecution Claim also fails because the Elmsford Officers Did not Initiate the Prosecution.

The term "initiation," as used in the first element of a malicious prosecution claim, "is a term of art." *Rohman v. N.Y. City Transit Auth.* (NYCTA), 215 F.3d 208, 215 (2d Cir. 2000). In order to establish that a defendant "initiated" a prosecution for these purposes, a plaintiff must show that the defendant "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Id.* The Elmsford Officers who did nothing more than disclose to a prosecutor all material information within their knowledge is not deemed to be the initiator of the proceeding." *Husbands ex rel. Forde v. City of New York*, No. 05 Civ. 9252 (NRB), 2007 WL 2454106, at *9 (S.D.N.Y. Aug. 16, 2007) *aff'd*, 335 Fed. Appx. 124 (2d Cir. 2009).

Plaintiff also argues that "a police officer initiating a prosecution must have probable cause as to the specific charged offense," "[p]robable cause must extend to every element of the offense charged" and the arrest cannot be based upon "mere suspicion." *See* Pl. Opp. at p. 7. The issue here, however, is that for false arrest claims "probable cause does not require an awareness of a particular crime, but only that some crime may have been committed." *Cruz v. City of New York*, 232 F. Supp. 3d 438, 453 (S.D.N.Y. 2017) (quoting *Ackerson v. City of White Plains*, 702 F.3d 15, 20 (2d Cir. 2012)). Plaintiff's assertions with regard to probable cause for the arrest are therefore without merit. Moreover, based on the plaintiff's signed confession he admitted to a "loss" from his fraud in the amount of $5,390 and he also admitted that he used his employee discount to purchase items at a discount that he resold on Ebay for cash. (FAC Ex. 5)

5

"In the context of a malicious prosecution claim, probable cause . . . is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of." *Id.* at 537 (citing *Rounseville v. Zahl*, 13 F.3d 625, 629 (2d Cir. 1994)). If probable cause existed at the time of the arrest "'it continues to exist at the time of prosecution unless undermined by the discovery of some intervening fact.'" *Id.* (citing *Costello,* 20 F.Supp.3d at 415). As it has already been argued, probable cause existed at the time of the arrest and the Plaintiff has not plead any intervening fact to disrupt that finding. Moreover, Plaintiff signed a statement admitting to a loss in excess of $3,000, which was corroborated by the sworn statement signed by Defendant Fabian. The Defendants had lawful grounds for prosecuting Plaintiff for stealing property. That conclusion is not disturbed by the fact that he was purportedly interrogated because that did not involve the police. The Defendant Police Officers were not in the room while Plaintiff was being interrogated by the Staples Defendants, and whether the Plaintiff was coerced by his employer and not the police is an issue being litigated between Staples and Plaintiff but does not involve Elmsford police officers. It is telling as to the weakness of his claims, that the plaintiff has now withdrawn his claim of coercion against Tariq Akram, an individual who was in the integration room and signed as a witness to Overby's confession and had actual individual involvement in some alleged wrong doing. (See, Pl. Opp. p. 26 and FAC Ex. 5) However, plaintiff is still pressing his claims against the Elmsford police officers who were not in the interrogation room and involved in obtaining Overby's statement in an attempt to maintain federal jurisdiction. These claims cannot withstand a motion to dismiss.

## POINT II

## PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY

The first of three elements of a § 1983 conspiracy claim is that the Plaintiff must allege "an agreement between two or more state actors or between a state actor and a private entity . . . ." *Pangburn v. Culbertson,* 200 F.3d 65, 72 (2d Cir. 1999). "Plaintiff must provide some factual basis to support 'a meeting of the minds', such as the defendants 'entered into an agreement, express or tacit, to achieve the unlawful end'; plaintiff must also provide 'some detail of time and place and the alleged effects of the conspiracy.'" *Romer v. Morgenthau,* 119 F.Supp.2d 346, 363 (S.D.N.Y. 2000). The pleading must "present facts tending to show agreement and concerted action . . . [w]ithout a meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy." *Fisk v. Letterman,* 401 F.Supp.2d 362, 376 (S.D.N.Y 2005) (internal citations and quotation marks omitted).

As noted in *Bang v. Utopia Restaurant,* "[c]alling the police, alone, does not establish joint action between the police and the private caller." 923 F.Supp. 46, 49 (S.D.N.Y. 1996) (citing *Newman v. Bloomingdale's,* 543 F.Supp. 1029, 1032 (S.D.N.Y. 1982)). Here, the FAC only contains speculative and conclusory allegations of some sort of agreement to achieve an unlawful end. The Court and the Defendants are only left to assume that some form of and agreement took place since the Defendants were there and made the arrest. The Plaintiff clearly has not provided some factual basis to support a meeting of the minds or presented facts tending to show and agreement and concerted action.

## POINT III

## QUALIFIED IMMUNITY

In a case of alleged false arrest, objective reasonableness does not turn on whether probable cause in fact existed. *See Martin v. Malhoyt*, 830 F.2d 237, 263 (D.C.Cir.1987). Objective reasonableness can exist if it is shown "either (a) that it was objectively reasonable for the officer to believe that probable cause existed, or (b) that officers of reasonable competence could disagree on whether the probable cause test was met." *Robinson v. Via*, 821 F.2d 913, 921 (2d Cir.1987) (citing *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). To overcome a qualified immunity defense, a plaintiff "must show it to be obvious that no reasonably competent officer would have concluded that a [n arrest] should issue." *Thomas v. Culberg*, 741 F.Supp. 77, 81 (1990) (quoting *Robinson*, 821 F.2d at 921). Thus, "[e]ven law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) (quoting *Anderson*, 483 U.S. at 641, 107 S.Ct. at 3040). Having spoken to the crime victim/complainants and having Overby's confession, The Elmsford Police Officers had sufficient grounds to reasonably believe that he had probable cause to arrest Overby or at the very least, officers of reasonable competence could disagree on whether probable cause existed and therefore, the officers are entitled to qualified immunity.

## POINT IV

## PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO INTERVENE, NEGLIGENCE, SUPERVISORY LIABILITY AND THE DENIAL OF A FAIR TRIAL

With regard to the failure to intervene claim, Plaintiff's only opposition to Defendants motion is a summary statement that the plaintiff has plausibly alleged the denial of a constitutional right. *See* Pl. Opp. at p. 23. As more fully set forth in the Memorandum of Law in Support of

Defendants' Motion to Dismiss, the only constitutional violation Plaintiff has alleged is that the officers lacked probable cause for the arrest. However, the FAC fails to sufficiently allege that the officers did not have probable cause, therefore, Plaintiff has not alleged a constitutional right was violated in the presence of the other Officers. The failure to intervene claim must be dismissed.

As to the claim for denial of the right to a fair trial, Plaintiffs opposition is equally unavailing. Plaintiff asserts that the felony complaint containing false averments violated the Plaintiff's fair trial rights, and that such a claim consistent with the holding in *Garnett*. However, in order to state a claim for denial of the right to a fair trial, the Plaintiff needs to plead that the police officer fabricated evidence, not merely that a complaint contained false averments. *See Jovanovic v. City of New York*, 486 Fed.Appx 149, 152 (2d Cir. 2012). A felony complaint containing false averments does not rise to the level of fabricating evidence as is contemplated for a denial of a right to a fair trial claim. This conclusion is supported by the holding in *Garnett*, which involved completely fabricated testimony about what the officer heard the accused say. *See Garnett v. Undercover Officer C0039*, 838 F.3d 265 (2d Cir. 2016). Here, the FAC does not make any similar allegation. The Plaintiff therefore has not stated a claim for denial of a fair trial.

Because Plaintiff has not made a state law claim for negligence, Plaintiffs attempt to allege that Defendant Village of Elmsford, as employer of some of the individual defendants, is responsible for their negligence under the doctrine of *respondeat superior* fails as a matter of law. *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). With regard to the malicious prosecution claim, while it may be true that "under New York state law, a municipality may be held vicariously liable on state law claims asserted against individual officers under a theory of *respondeat superior*," since Plaintiff has not stated a viable claim for malicious prosecution, there is nothing

the Village can be held vicariously liable for. *See Hulett v. City of Syracuse*, 253 F.Supp.3d 462, 502 (N.D.N.Y. 2017).

## CONCLUSION

For the reasons set forth herein, and in the Memorandum of Law in Support of the Defendants Motion to Dismiss, Plaintiff's FAC must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Court should not exercise supplemental jurisdiction if there are any remaining state law claims.

Dated: January 5, 2018
       Goshen, New York

*[signature]*
Michael K. Burke, Esq. (MB 7554)
Burke, Miele, Golden & Naughton, LLP
*Attorneys for Defendants Village of Elmsford, Elmsford Police Department, Police Chief Stephen Foster, Det. Gianpaolo Dilisio #36 and P.O. Montesano #42*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080